UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS BRYANT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADEX CORPORATION,<br>Defendant. | CIVIL ACTION NO. 1:18-cv-01282<br><br>COLLECTIVE ACTION<br>UNDER 29 U.S.C. § 216(b)<br><br>ECF CASE |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Defendant Adex Corporation, Inc. ("Defendant") improperly disguised wage payments to Plaintiff Thomas Bryant ("Plaintiff") as "per diems." As a result, the improperly classified "per diem" payments were excluded from the regular rate of pay of the Plaintiff and thus, he was not paid overtime at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

2. Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because Defendant is a New York Corporation with its headquarters in this District. Defendant also does a significant portion of its business in this District and employs workers in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Thomas Bryant is an individual residing in Volusia County, Florida. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The FLSA Class Members are all current and former Field Technicians, and all employees in substantially similar positions, paid an hourly rate of pay and per diems at any time during the three-year period before the filing of this Complaint to the present.

7. Defendant Adex Corporation is a corporation organized under the law of New York. Defendant may be served process through its registered agent National Corporate Research, LTD., 10 East 40th Street, 10th Floor, New York, New York, 10016.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and the FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

13. Defendant Adex is a telecommunications company that "provides turnkey services and project staffing solutions exclusively to the telecommunications industry." (https://www.adextelecom.com/company.html, last visited February 10, 2018). As part of its services, Defendant provides telecommunication equipment installation and integration to cellular telephone companies throughout the United States.

14. Plaintiff worked for Defendant as a Field Technician from approximately November 2015 to February 2017.

15. Plaintiff worked for Defendant in Florida and South Carolina.

16. Plaintiff and the FLSA Class Members were manual laborers who performed the physical work of repairing, installing, testing, and integrating telecommunications equipment.

17. Defendant assigned Plaintiff and the FLSA Class Members to jobs at specific cell phone towers. To complete a job, Plaintiff and the FLSA Class Members would travel to Defendant's warehouse to pick up the required equipment, then travel to the cell phone tower, lay out the equipment to be installed, strip the old equipment, and then install and program the new equipment according to Defendant's standard operating procedures.

18. Plaintiff and the FLSA Class Members worked long hours, often through the night, to perform their work.

19. Plaintiff and the FLSA Class Members routinely worked in excess of 40 hours each week.

20. Plaintiff and the FLSA Class Members were non-exempt employees.

21. The Plaintiffs and the FLSA Class Members were paid an hourly rate plus certain per diems.

22. For example, Defendant paid Plaintiff an hourly rate of $10 per hour and paid him an overtime rate of $15 per hour. However, Defendant also paid Plaintiff (1) an "expense reimbursement," (2) a "non billable" payment, (3) a "per diem," and (4) a "truck & tools" payment (collectively "per diems"). These per diems were issued each week. These per diems substantially exceeded those payments classified by Defendant as wages.

23. For example, during the week of February 5, 2017 to February 11, 2017, Plaintiff was paid $460 for his hourly compensation and $1,403.93 for his per diem payments. Thus, the payments issued to Plaintiff that were excluded from his regular rate of pay were more than 300% his hourly rate compensation.

24. As such, the overtime wages paid to the Plaintiff and the FLSA Class Members were less than time and one half their regular rates of pay. Defendant illegally classified the per diems as an expense reimbursement instead of as wages.

25. The per diem constitutes wages as a matter of law because the amount of the per diems paid by Defendant were based upon the number of hours worked. That is, the per diems were not based upon actual expenses, but were based upon hours worked. In these circumstances, the per diem is a wage payment that must be included in the regular rate of pay. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 1041-42 (5th Cir. 2010).

26. Even if the per diems were not based upon the number of hours worked, they still should have been included in the regular rate of pay. There is a two part test to determine whether an expense reimbursement constitutes wages that must be included in the regular rate of pay. First,

the determination must be made as to whether the payment is primarily for the **benefit or convenience** of the employee versus the employer. If the expense payment is primarily for the "benefit or convenience" of the employee, then the payment constitutes wages as a matter of law.

Section 778.217(d) states as follows:

> The expenses for which reimbursement is made must, in order to merit exclusion from the regular rate under this section, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. **If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby**. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. **If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses."** Whether the employer "reimburses" the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay as discussed in § 778.116.

*Id* at § 778.217(d) (emphasis added).

27. If the expense payment is primarily for the "benefit or convenience" of the employer, then the analysis shifts to the second step: whether the amount paid by the employer to the employee was reasonable. This part of the test requires an examination into the reasonableness of the amount of the reimbursement. Any amount in excess of the actual or reasonably approximate amount of the expense will be included in the regular rate, and due to this inclusion, will be multiplied by one and one half to derive the appropriate amount of overtime. *See* Wage and Hour Division Opinion Letter, March 10, 1993, *available at* 1993 WL 901152. These payments must be included in the regular rate because not doing so "would allow employers to 'evade the overtime requirements with ease.'" *Reich v. Interstate Brands, Corp.*, 57 F.3d 574, 577 (7th Cir. 1995).

28. Here the per diems were for the benefit and convenience of Plaintiff and the FLSA Class Members. Defendant has provided compensation for vehicles, "non billable" work, and other activities that only benefit the Plaintiff and Class Members.

29. Further, even if they were not primarily for the benefit and convenience of Plaintiff and the FLSA Class Members, the per diems were substantially greater than the actual or reasonable approximation of the Plaintiff's and FLSA Class Members' expenses. In fact, Defendant paid the per diem regardless of whether or not they actually incurred travel or work related expenses in a given week. Thus, the per diems bore no reasonable relationship to actual expenses that were incurred.

30. Defendant clearly disguised this compensation as expense reimbursements in order to avoid including such compensation in the calculation of the overtime rate. Again, because Defendant failed to include the per diems in the overtime calculation, Defendant paid Plaintiff and FLSA Class Members at rates less than what the FLSA mandates.

31. Although Plaintiff and the FLSA Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

32. No exemption applies to the Plaintiffs or the FLSA Class Members.

33. Defendant's method of paying the Plaintiff and the FLSA Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so.

34.     In fact, when Defendant recruited its Field Technicians, Defendant told potential employees that they would be paid at a significantly higher base hourly rate than reflected on their actual wage statements. Defendant told new Field Technicians that their hourly rate was between $28 and $32 per hour after including the per diems. These representations demonstrate that Defendant willfully disguised wages as expense reimbursements to avoid the FLSA's overtime requirements. Accordingly, Defendant's violations of the FLSA were willful.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

35.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

36.     Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

37.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

### COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

39.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied proper overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's scheme to disguise their wages as expense reimbursements.

40.   Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other Field Technicians under the same compensation structure who worked at multiple locations for Defendant.

41. Other workers similarly situated to Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

42. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

43. Defendant has and continues to improperly classify wage payments as expense reimbursements and in doing so, unlawfully avoids paying the FLSA Class Members time and a half of their regular rates of pay for all hours worked over forty (40).

44. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were not paid time and half of their regular rate of pay for all hours worked over forty (40).

45. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

46. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

47. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

48. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

49. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

50. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

51. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

52. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All current and former Field Technicians, and all employees in substantially similar positions, paid an hourly rate of pay and per diems at any time during the three-year period before the filing of this Complaint to the present.**

## **PRAYER**

53. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, interest, expenses, and costs;

   d. Such other and further relief as may be necessary and appropriate.


Dated: New York, New York
       February 13, 2018

       Respectfully submitted,

       KENNEDY HODGES, L.L.P.

       By: /s/ Don J. Foty
       Don J. Foty
       DFoty@kennedyhodges.com
       *Pending Admission Pro Hac Vice*
       Texas State Bar No. 24050022
       4409 Montrose Blvd., Suite 200
       Houston, TX 77006
       Telephone: (713) 523-0001
       Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF AND
FLSA CLASS MEMBERS