## RELEASE AND SETTLEMENT AGREEMENT

This Confidential Release and Settlement Agreement ("Settlement Agreement") is entered into by and between Representative Plaintiff Thomas Bryant ("Representative Plaintiff"), and all individuals listed on Exhibit "1", for themselves individually (collectively "Plaintiffs"), as well as their spouse (if any), beneficiaries, heirs, administrators, executors, assigns, agents and representatives, on the one hand; and Adex Corporation ("Adex"), on the other hand. Plaintiffs and Adex shall be referred to collectively herein as "the Parties."

WHEREAS, the Parties desire to compromise and settle the claims *Thomas Bryant et al. v. Adex Corporation*, 1:18-cv-01282 pending in the United States District Court for the Southern District of New York, in a comprehensive manner pursuant to the terms of this Settlement Agreement;

NOW, THEREFORE, for and in consideration of the above and the additional covenants and agreements set forth herein, the Parties expressly agree as follows:

**I.    TERMS OF SETTLEMENT**

**A.    Motion for Approval of Settlement and Dismissal with Prejudice.** The Parties will file a Joint Motion for Approval of Settlement and Dismissal with Prejudice, requesting that the Court approve the settlement of these FLSA claims and dismiss Plaintiffs' claims with prejudice. The Court shall retain jurisdiction to enforce the terms of the settlement. In the event this Settlement Agreement is not finally approved by the Court, the Parties will work together in good faith to structure an agreement that will meet Court approval. If they are unable to do so, this Settlement Agreement will no longer have any effect, the settlement payment shall remain property of Adex, and the Parties' litigation positions will revert to the status quo ante before execution of this Settlement Agreement with no waiver, in any way, of their claims or defenses in this Action, including, but not limited to, defenses to the merits of Plaintiffs' claims and to collective action treatment.

**B.    Payment By Adex.** Provided the Court has approved the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, Adex will provide a gross settlement payment in the amount of One Hundred and Five Thousand and Two Hundred and Four Dollars ($105,204.00) (the "Gross Settlement Amount"), in addition to the employer side payroll taxes attributable to 50% of the Gross Settlement Amount as provided in Paragraph II. G. of this Settlement Agreement. From the Gross Settlement Amount, Adex will pay to Plaintiffs' Counsel, issued on a Form 1099, the amount of $39,403.93 which shall represent payment for fees ($28,931.10), and case expenses ($10,472.83) incurred by Plaintiffs' counsel in Civil Action No. 1:18-cv-01282. From the Gross Settlement Amount, Adex will also pay the Plaintiffs the specific individual amounts set forth on the Exhibit "1" to this Settlement Agreement (which identifies each Plaintiff by name). Adex shall cause such payments to be made by checks made payable to each Plaintiff and shall deliver all settlement checks to Plaintiffs' Counsel within fourteen (14) business days of the date the Court approves the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. In no event shall Adex be required to pay more than the Gross Settlement Amount to settle this action.

**C.    Approval for Payment of Attorneys' Fees and Costs.** Plaintiffs' counsel will seek, and Adex will not oppose, approval of their $39,403.93 in requested attorneys' fees and costs in the

Joint Motion for Approval of Settlement and Dismissal with Prejudice. Except for this payment, each party shall be responsible for payment of their own attorneys' fees and costs.

   **E.** **Service Payment**. Adex will not oppose Thomas Bryant's claim / request for an incentive payment of $7,000.00 as the Class Representative. This incentive payment will be deducted from the Gross Settlement Amount specified above. Adex will not owe any additional amount for the incentive payment.

   **F.** **Release and Reversion.** The Parties agree that the checks payable to Plaintiffs will contain mutually-agreed upon release language (specified in Exhibit 2 to this Settlement Agreement) on the back of the checks and will note that by cashing or depositing the checks, they are agreeing to waive all wage and hour claims that were or could have been pursued in this action. The Plaintiffs will have 120 days to cash and/or deposit the settlement checks. If any Plaintiff chooses not to cash or deposit the settlement checks within the 120 day period, the funds for any such checks will revert back to Adex.

   **G.** **Taxes and Indemnification.** For tax reporting purposes, Adex, shall report 50% of the settlement payments made to Plaintiffs as statutory employee earnings on a Form W-2 for statutory employees, which represents payment for alleged back pay and/or overtime due under the FLSA and shall report the remaining 50% on Form 1099 as non-payroll payments of liquidated damages owed under the FLSA. Plaintiffs will be responsible for reporting such amounts on their tax returns as required by law and pay any applicable taxes on such amounts. Plaintiffs agree to indemnify and hold Adex harmless from any and all liability that may result from, or arise in connection with, their failure to file and pay such taxes on any amounts received pursuant to this settlement except that Adex shall be responsible for the employer portion of any payroll taxes.

## II. RELEASE

   **A.** **Representative Plaintiff Bryant's Release of Claims.** For and in consideration of the mutual promises herein contained, including the Service Payment identified above, Representative Plaintiff does hereby forever and fully release and discharge the Released Parties of and from any and all sums of money, accounts, claims, interests, demands, contracts, actions, debts, controversies, agreements, damages, losses, and causes of action, whatsoever, of whatever kind or nature, known or unknown, suspected or unsuspected, which he now owns, holds, has, or claims to own, hold, or have, and any future consequences and causes of actions therefor, arising from his (former) employment with Adex or any of its other parents and subsidiaries, including, but not limited to, any and all matters alleged or referred to in Civil Action No. 1:18-cv-01282, including wage and hour claims, misclassification claims, per diem claims, whether or not they were or could have been asserted in either case.

   **B.** **Opt-In Plaintiffs Release of Claims**. For and in consideration of the mutual promises herein contained, the Opt-In Plaintiffs shall release the Released Parties from all wage and hour claims that were asserted, or could have been asserted, in Civil Action No. 1:18-cv-01282, including those claims arising under the Fair Labor Standards Act as well as any similar wage and hour claims arising under state law. The Parties agree that the checks presented to Plaintiffs will contain release language whereby, by cashing or depositing the checks, each Plaintiff agrees to this release of claims against the Released Parties. The release language is attached hereto as Exhibit "2."

  **C.** **Released Parties.** The Released Parties are: Adex and all of Adex's current or former parent companies, subsidiary companies, and/or related, affiliated, or predecessor companies, partnerships, and/or joint ventures, and, with respect to each of them, all of its past, present, and future employees, officers, partners, principals, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under, or in concert with any of the persons or entities listed in this subsection, and their successors. Said parties shall be referred to collectively herein as the "Released Parties."

  **D.** **Limitations.** The Releases contained in Section II do not extend to enforcement of the obligations, terms, and covenants of this Settlement Agreement by either party. Further, the release of claims shall not affect any rights or claims of the parties that may arise after this Settlement Agreement is executed.

**III.** **REPRESENTATIONS AND WARRANTIES**

  **A.** **Authority.** The signatories below represent that they are fully authorized to enter into this Settlement Agreement and to bind the Parties hereto (including all Plaintiffs) to the terms and conditions hereof.

  **B.** **No Admission Of Liability.** This Settlement Agreement is the result of a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of correctness, liability, or responsibility on the part of any party. The Parties agree that they will never seek to introduce this Settlement Agreement as evidence of an admission of liability or an admission of any violation of any federal, state or local laws. Plaintiffs further acknowledge that through this Settlement, Adex will not be deemed to admit or concede that collective action treatment is or was appropriate, or that Plaintiffs' claims have any merit. Rather, Adex has denied and continues to deny, specifically and generally, the claims asserted in the Action and any and all liability or wrongdoing of any kind whatsoever associated with the facts or claims alleged in this Action, including that continued collective action treatment is appropriate.

  **C.** **Advice Of Legal Counsel.** The advice of legal counsel has been obtained by all of the Parties prior to the execution of this Settlement Agreement. All of the Parties hereby execute this Settlement Agreement voluntarily and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims owed by the Parties to each other arising out of or connected with the matters specified herein. All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

  **D.** **Adequate Investigation Of Facts.** In making and executing this Settlement Agreement, the Parties have made such investigation of the facts and the law pertaining to the matters described herein and this Settlement Agreement as they deem necessary, and they do not rely and have not relied upon any statement or representation, oral or written, made by any of the other Parties to this Settlement Agreement with regard to any of the facts involved in any dispute or possible dispute between any of the Parties hereto, or with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Settlement Agreement.

**E.** **Approval of the Court Required.** This Settlement Agreement shall become binding only upon the Court's approval of the Settlement Agreement and the Joint Motion for Approval of Settlement filed by the Parties contemporaneous with this Settlement Agreement. If the Court fails to approve the Settlement Agreement or grant the Joint Motion for Approval of Settlement, the Settlement Agreement will be of no effect and this litigation shall continue as if the parties never entered the Settlement Agreement.

**F.** **Assumption Of Risk Of Mistake.** The Parties hereby expressly assume the risk of any mistake of fact or that the true facts might be other or different from facts now known or believed to exist, and it is the express intention of the Parties to forever settle, adjust, and compromise the disputes raised by the Actions without regard to who may or may not have been correct in their respective understandings of the facts or the laws relating thereto.

**G**. **Understanding Of Agreement.** Each of the Parties has read and understands the contents of this Settlement Agreement and, if necessary, has had the same translated to ensure the same.

**H.** **Binding Upon Agents And Representatives**. Each and every term of this Settlement Agreement shall be binding upon the agents, representatives, insurers, employees, attorneys, heirs, administrators, executors, successors, and assigns of the respective Parties hereto and any parent, subsidiary, or affiliated entity of such Parties.

**I.** **Integration.** This Settlement Agreement constitutes the entire agreement between Plaintiffs, on the one hand, and Adex, on the other hand, pertaining to the subject matter hereof, and further constitutes the final, complete, and exclusive expression of the terms and conditions of their agreement. Any and all prior agreements, representations, negotiations, and understandings, oral or written, express or implied, are hereby extinguished and merged herein.

**J.** **Cooperation.** The Parties hereto agree to execute any and all other documents and instruments in writing which may be reasonably necessary or proper to effectuate and carry out the purposes of this Settlement Agreement.

**K.** **Attorneys' Fees.** In the event that any of the Parties hereto should bring any action, suit, or proceeding against any of the other Parties hereto to enforce this Settlement Agreement, the validity hereof, any of the terms or provisions hereof, or any of the matters released hereby, or should any of the Parties assert this Settlement Agreement as an affirmative defense in an action brought by the other party, the prevailing party in such action, suit, or proceeding shall be entitled to recover from the other such party reasonable attorneys' fees to be fixed by the court and costs incurred in connection therewith, including attorneys' fees and costs relating to any and all appeals or petitions taken with respect to any such action, suit, or proceeding.

**L.** **Modifications In Writing.** The Parties agree that any modifications to this Settlement Agreement must be made in writing, and for Adex by a duly-authorized Company official, and must be executed by all of the Parties.

**M.** **Other Rights and Obligations of the Parties.** Nothing in this Settlement Agreement shall otherwise affect or alter the rights and obligations of the Parties.

**N.** **Cooperation for Settlement Approval.** The Parties agree to work diligently together to file and submit all documentation and information necessary to the Court for purposes of obtaining approval of this settlement and dismissal of Representative Plaintiff's claims.

**O.** **Governing Law. This Agreement.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**P.** **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same written Settlement Agreement.

**Q.** **Construction.** Plaintiffs, on the one hand, and Adex, on the other hand, through their counsel, participated in the drafting of this Settlement Agreement, and they agree that any rule of construction that agreements are to be construed adverse to the drafter shall not apply herein, including to captions. Should any provisions of this Settlement Agreement be declared or determined by a court or arbitrator to be illegal or invalid, the validity of the remaining terms shall not be affected thereby.

**R.** **No Waiver.** No waiver of any breach of any term or provision of this Settlement Agreement shall be, or shall be construed to be, a waiver of any other breach of this Settlement Agreement. No waiver shall be binding under this Settlement Agreement unless in writing and signed by the party waiving the breach, and for Adex by a duly-authorized Company official.

**S.** **Severability.** If any provision of this Settlement Agreement is found by a proper authority to be unenforceable, that provision shall be severed and the remainder of the Settlement Agreement will remain in full force and effect.

**T.** **Non-Disparagement.** Representative Plaintiff agrees that he will not defame or disparage Adex, any of the Released Parties, or any of their affiliates or subsidiaries, or any of their products or services, and/or any of their past or present shareholders, officers, directors, board members, employees, or agents, including by means of Facebook or any other social media outlet. Adex agrees to provide a neutral reference to any current or prospective employer limited to Plaintiff's dates of employment and positions held.

**REPRESENTATIVE PLAINTIFF ACKNOWLEDGES AND AGREES THAT HE HAS READ THIS SETTLEMENT AGREEMENT (INCLUDING EXHIBITS 1 AND 2), HAS HAD THE OPPORTUNITY TO DISCUSS THE CONTENTS OF THIS SETTLEMENT AGREEMENT WITH HIS COUNSEL AND HAS DONE SO, THAT HE HAS ENTERED INTO THIS SETTLEMENT AGREEMENT KNOWINGLY AND VOLUNTARILY, AND THAT HE HAS HAD THE OPPORTUNITY TO HAVE THE SETTLEMENT AGREEMENT TRANSLATED TO THE EXTENT HE DEEMS NECESSARY AND FULLY UNDERSTANDS IT.**

**ON BEHALF OF ALL PLAINTIFFS AND/OR OPT-IN PLAINTIFFS:**

*Thomas R Bryant*
**THOMAS BRYANT**

Date: 09/06/2019

**ON BEHALF OF DEFENDANT**

_____
**ADEX CORPORATION**

Date:_____

_____
THOMAS BRYANT

Date:_____

**ON BEHALF OF DEFENDANT**

_____
*[signature: Roger M. Ponder]*
ADEX CORPORATION

Name: __Roger M. Ponder_____

Title: _____CEO_____

Date: _____September 6, 2019_____

| Name | Net Settlement |
|---|---|
| Banks Jr., Thomas | $1,616.26 |
| Bearyman, William | $5,529.00 |
| Bryant, Thomas | $1,159.65 |
| Daniel, Roden | $168.36 |
| Emler, John | $1,243.20 |
| Everett, Michael | $934.60 |
| Heller, Michael | $36.46 |
| Jackson, Roderick | $255.09 |
| Kelly, Andrew | $255.09 |
| King, Michael | $406.36 |
| McDaniel, Patrick | $262.90 |
| McGill, Netorrey | $1,803.81 |
| Monterrosa, Nelson | $689.67 |
| Pock, Kenneth | $4,880.19 |
| Pulver, Kristopher | $201.21 |
| Richard, Perales | $2,441.09 |
| Robinson, Zachery | $5,951.08 |
| Rosalio, Piedra | $4,328.59 |
| Sherman, Alter | $1,621.57 |
| Simmons, Rodrick | $1,632.24 |
| Stedman, Dwalyn | $2,062.33 |
| Stowell, Charles E. | $1,569.41 |
| Stutts, Nichola J. | $73.43 |
| Sykes, William | $1,054.61 |
| Todd, James H. | $3,376.87 |
| Truitt, Charles | $9,027.07 |
| Warren, Ronnie | $4,971.10 |
| Warren, Taylor | $1,248.85 |

| | |
|---|---|
| Gross Settlement | $105,204.00 |
| Fees | $28,931.10 |
| Case Expenses | $10,472.83 |
| Service Award | $7,000.00 |
| Net Settlement Fund | $58,800.07 |

EXHIBIT "1"

# Exhibit 2

# Check Release Language

"I understand and acknowledge that by cashing or depositing this check, I will be forever waiving and releasing (i.e., giving up) any and all claims under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq,, as well as any state and/or local wage and hour and common law claims related to unpaid wages that were brought or could have been brought in *Thomas Bryant et al. v. Adex Corporation*, 1:18-cv-01282 pending in the United States District Court for the Southern District of New York. I understand and agree that I will not be able to sue Adex Corporation for these claims once I cash or deposit the check."